IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| TenEyck LaTourrette, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:12-cv-00635 |
| v. | ) ) ) | |
| United Air Lines, Inc., | ) ) ) | |
| Defendant. | ) ) | |

## CONSENT DECREE

This matter is before the Court for entry of this judgment by consent of Plaintiff TenEyck LaTourrette ("LaTourrette") and Defendant United airlines, Inc. ("United") (collectively the "Parties") to effectuate a final compromise and settlement of all claims raised by LaTourrette in the above-captioned case.

1. LaTourrette, an Air National Guardsman, commenced this action in the United States District Court for the District of Colorado, alleging that United violated the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301 – 4334 ("USERRA") by failing to make proper contributions to his Pilot Directed Account Plan ("PDAP") while he was on military leaves from 2001 through 2006, 2007 and 2010 (collectively, "La Tourrette's Military Leaves").

2. United denies that it has violated USERRA and does not admit the allegations in the complaint. United further contends that it changed its PDAP contribution policy for pilots on military leave to comply with USERRA in November

    2010. Plaintiff LaTourrette did not allege any USERRA violations concerning the current retirement plan payment methodology for pilots on military leave.

3. Nevertheless, as a result of settlement discussions, and to avoid the expense and distraction of litigation, the Parties have resolved their dispute and have agreed that this action should be resolved by entry of this Consent Decree ("Decree"). It is the intent of the Parties that this Decree be a final and binding settlement in full disposition of any and all claims alleged by LaTourrette or could have been alleged by LaTourrette in this action relating to LaTourrette's Military Leaves or in his complaint filed with the US Department of Labor in USERRA Case No. CO-2001-00034-10-R (collectively, "La Tourrette's Claims").

**STIPULATIONS**

4. The Parties acknowledge the jurisdiction of the United States District Court for the District of Colorado over the subject matter of this action and over the Parties for purpose of entering, and, if necessary, enforcing this Decree.

5. Venue is proper in this judicial district for the purposes of this Decree and proceedings relating to this Decree. The Parties agree that all statutory conditions precedent to the institution of the lawsuit have been fulfilled.

**FINDINGS**

6. Having examined the terms and provisions of this Decree, the Court finds the following:

a. The Court has jurisdiction over the subject matter of this action and the Parties to this action.

b. The terms and conditions of this Decree are fair, reasonable, and just.

c. The Decree conforms with the Federal Rules of Civil Procedure and USERRA, and is not in derogation of the rights and privileges of any person.

    d. The entry of this Decree will further the objectives of USERRA and other applicable law, and will be in the best interests of the Parties.

NOW THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

### NON-ADMISSION

7. This Decree is being entered with the consent of the Parties and shall not constitute an adjudication of the merits of the case or be construed as an admission by United of any violations of USERRA.

### NON-DISCRIMINATION

8. United, by and through its officials, agents, and employees, shall not fail or refuse to hire or promote any individual, discharge any employee, or take any adverse action against any employee, based on his or her past or present military service obligations, in violation of USERRA.

### NON-RETALIATION

9. United, by and through its officials, agents, and employees, shall not take any action against any person, including but not limited to LaTourrette, that constitutes retaliation or interference with the exercise of such person's rights under USERRA because such person asserted his/her rights under USERRA, or gave testimony or

assistance or participated in any manner in any investigation or proceeding under USERRA.

### REMEDIAL RELIEF

10. In exchange for the promises made by LaTourrette in this decree, United agrees to make an additional contribution to LaTourrette's PDAP account (as well as a cash distribution due to IRS limits) based on the difference between what he received and what he would have received if his contributions had been based on his average monthly hours paid during the twelve months before his deployments, plus any associated earnings, in the amounts of:

   a. $4,497.11 (four thousand, four hundred and ninety-seven dollars and eleven cents) which is based on the amount of contributions made by United to LaTourrette's PDAP B fund account for his period of military service ending in December 2006.

   b. $648.56 (six hundred and forty-eight dollars and fifty-six cents) which is based on the amount of contributions made by United to LaTourrette's PDAP C fund account for his period of military service ending in December 2006.

   c. $1,015.65 (one thousand and fifteen dollars and sixty-five cents) in a cash distribution to LaTourrette which will be included in LaTourrette's W-2 issued by United for 2012 taxable wages.

   d. $185.33 (one hundred and eighty-five dollars and thirty-three cents) which is based on the amount of contributions made by United to LaTourrette's

PDAP B fund account for his period of military service ending in January 2008.

e. $130.63 (one hundred and thirty dollars and sixty-three cents) which is based on the amount of contributions made by United to LaTourrette's PDAP C fund account for his period of military service ending in January 2008.

f. $45.44 (forty-five dollars and forty-four cents) which is based on the amount of contributions made by United to LaTourrette's PDAP B fund account for his period of military service ending in May 2010.

g. $35.34 (thirty-five dollars and thirty-four cents) which is based on the amount of contributions made by United to LaTourrette's PDAP C fund account for his period of military service ending in May 2010.

11. For and in return for the consideration he is to receive under the Decree, the sufficiency of which is recognized, LaTourrette fully and completely releases and discharges United and its subsidiaries, divisions, and affiliates, officials, agents, and employees and its employee benefit plans and their administrators and fiduciaries, from all of LaTourrette's claims as defined above.

### RETENTION OF JURISDICTION, DISPUTE RESOLUTION, AND COMPLIANCE

12. The Court shall retain jurisdiction over this matter and shall have all equitable powers, including injunctive relief, to enforce this Decree.

13. The Parties shall engage in good faith efforts to resolve any dispute concerning compliance prior to seeking review by the Court. Upon motion of either party, the Court may schedule a hearing for the purpose of reviewing compliance with

this Decree. The Parties may conduct expedited discovery under the Federal Rules of Civil Procedure for the purpose of determining compliance with this Decree or defending against a claim of non-compliance.

## MISCELLANEOUS

14. The Parties shall bear their own costs and expenses of litigation, including attorneys' fees.

15. This Decree constitutes the entry of final judgment within the meaning of Rule 54 of the Federal Rules of Civil Procedure as to all claims asserted in this action.

16. If any provision of this Decree is found to be unlawful, only the specific provision in question shall be affected, and the other provisions will remain in full force and effect.

17. This Decree constitutes the entire agreement and commitment of the Parties. Any modifications to this Decree must be mutually agreed upon and memorialized in a writing signed by the Parties.

## EFFECTIVE DATE

18. The effective date of this Decree shall be the date upon which it is entered by the Court. The Decree shall expire, and this action shall be dismissed without further order of the Court, one year after the date of entry of this Decree.

DATED AND ENTERED THIS _____ day of _____, 2012.

_____
Honorable Craig B. Shaffer
UNITED STATES MAGISTRATE JUDGE

We hereby agree to the terms and conditions of the foregoing Consent Decree.

(This document may be signed in counterparts, and may be signed via facsimile and/or portable document format (.pdf). A copy of a signature shall be as valid as the original.)

_[signature]_
TENEYCK LATOURRETTE
Plaintiff

Dated: 28 MAY 2012

THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division
U.S. Department of Justice

DELORA L. KENNEBREW
Chief, Employment Litigation Section

By: _[signature]_
ESTHER T. LANDER
Deputy Section Chief
ANDREW G. BRANIFF
BRIAN G. MCENTIRE
Senior Trial Attorneys
950 Pennsylvania Ave., NW, PHB 4520
Washington, DC 20530
(202) 514-9229
andrew.braniff@usdoj.gov

Dated: 6/7/12

_[signature]_
Jennifer Coyne
Associate General Counsel
United Air Lines, Inc.
77 W. Wacker Dr.
HDQLD
Chicago, IL 60601
Jennifer.Coyne@united.com
(312) 997-8230

Dated: 5/31/12